IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 3, 2020

**IN RE NEVAEH B.**

**Appeal from the Juvenile Court for Sevier County**
**No. 19-001163      Jeffrey D. Rader, Judge**

———————————————————

**No. E2020-00315-COA-R3-PT**

———————————————————

This is a termination of parental rights case.  The trial court found the sole ground raised by the Department for termination against the child's father of failure to manifest an ability and willingness to assume legal and physical custody of the child or assume financial responsibility pursuant to Tennessee Code Annotated section 36-1-113(g)(14) had been established.  The court further found that the termination of father's parental rights was in the child's best interests. Father filed a timely appeal. On appeal, we vacate the trial court's order terminating father's parental rights due to the court's failure to consider all required elements of the statutory ground for termination.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Vacated and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the court, in which JOHN W. MCCLARTY and W. NEAL MCBRAYER, JJ., joined.

Gregory E. Bennett, Seymour, Tennessee, for the appellant, Cody W.

Herbert H. Slattery, III, Attorney General and Reporter; Lexie Ward, Assistant Attorney General, for the appellee, Tennessee Department of Children's Services.

Robert L. Huddleston, Maryville, Tennessee, Guardian *ad Litem*.

**OPINION**

**I. BACKGROUND AND PROCEDURAL HISTORY**

Nevaeh B.[1] ("the Child") was born to Dianna B. ("the Mother") and Cody W. ("the

---

[1] The Court has a policy of protecting children's identities in parental termination cases. Therefore, when appropriate, we will present certain names by their initials.

Father") in September of 2018. Mother and Father were unmarried. The Department of Children's Services ("the Department") became involved on January 25, 2019 when the Child was removed from the Mother's custody due to a protective custody order issued as a result of the Child's methamphetamine exposure and a severe burn from a methamphetamine pipe located on the Child's abdomen. The Sevier County Juvenile Court later adjudicated the Child to be dependent and neglected by the Mother. The Father stipulated to the Child's dependency and neglect adjudication as he was incarcerated at the time.[2] Thereafter, the Child was placed into the foster care system where she has remained throughout these proceedings.

Upon the Child's removal from the Mother's custody, the Department created a permanency plan with the intention of reunification. However, neither the Father nor the Mother completed the permanency plan. The Department offered the parents two visits with the Child each month. The Father, however, visited the Child only three times since her removal from custody despite the opportunity to schedule additional visits.

Trial as to the termination of the parties' parental rights was set for February 5, 2020. At the time of trial, both parents were incarcerated at the Sevier County Jail. At the outset of the proceedings, the Mother surrendered her parental rights to the Child and trial commenced as to the Father's rights. Following the conclusion of the termination hearing, the juvenile court entered a written order terminating the Father's parental rights on the sole ground sought against him by the Department codified at Tennessee Code Annotated section 36-1-113(g)(14), finding that the Father "failed to demonstrate and manifest an ability to parent the child." Additionally, the court found that the termination of the Father's parental rights was in the Child's best interests.

## II. ISSUES PRESENTED

The Father appeals the order terminating his parental rights and raises the following issues:

1.  Whether the trial court erred in finding that the Father failed to manifest an ability and willingness to personally assume legal and physical custody, or financial responsibility of the Child by clear and convincing evidence.
2.  Whether the trial court erred in finding that the termination of the Father's parental rights was in the best interests of the Child by clear and convincing evidence.

---

[2] The Father has been in and out of jail for the duration of Child's life, including her birth and upon her removal from Mother's custody.

# III. STANDARD OF REVIEW

"A biological parent's right to the care and custody of his or her child is among the oldest of the judicially recognized liberty interests protected by the due process clauses of the federal and state constitutions." *In re M.L.P.*, 228 S.W.3d 139, 142 (Tenn. Ct. App. 2007) (citations omitted). "Although this right is fundamental and superior to claims of other persons and the government, it is not absolute." *In re J.C.D.*, 254 S.W.3d 432, 437 (Tenn. Ct. App. 2007) (citation omitted). "It continues without interruption only as long as a parent has not relinquished it, abandoned it, or engaged in conduct requiring its limitation or termination." *In re M.J.B.*, 140 S.W.3d 643, 653 (Tenn. Ct. App. 2004) (citations omitted). In Tennessee, "[w]ell-defined circumstances exist under which a parent's rights may be terminated." *In re Roger T.*, No. W2014-02184-COA-R3-PT, 2015 WL 1897696, at *6 (Tenn. Ct. App. Apr. 27, 2015). Pursuant to the Tennessee Code, parties who have standing to seek the termination of a parent's parental rights must prove two things. They must first prove at least one of the statutory grounds for termination. *In re J.C.D.*, 254 S.W.3d at 438 (citing Tenn. Code Ann. § 36-1-113(c)). Second, parties must prove that the termination of parental rights is in the child's best interests. *Id*. (citing Tenn. Code Ann. § 36-1-113(c)(2)).

Because the decision to terminate a parent's parental rights has "profound consequences," trial courts must apply a higher standard of proof in deciding termination cases. *In re M.L.P.*, 228 S.W.3d at 143. "To terminate parental rights, a court must determine that clear and convincing evidence proves not only that statutory grounds exist but also that termination is in the child's best interest." *In re Valentine*, 79 S.W.3d 539, 546 (Tenn. 2002) (citing Tenn. Code Ann. § 36-1-113(c)). "Clear and convincing evidence is evidence that eliminates any substantial doubt and that produces in the fact-finder's mind a firm conviction as to the truth." *In re M.A.B.*, No. W2007-00453-COA-R3-PT, 2007 WL 2353158, at *2 (Tenn. Ct. App. Aug. 20, 2007) (citation omitted). This heightened burden of proof "minimizes the risk of erroneous decisions." *In re M.L.P.*, 228 S.W.3d at 143 (citations omitted).

Due to the heightened burden of proof requirement as per the statute, we must adapt our customary standard of review. *In re Audrey S.*, 182 S.W.3d 838, 861 (Tenn. Ct. App. 2005). "First, we must review the trial court's specific findings of fact de novo in accordance with Tenn. R. App. P. 13(d)." *In re M.J.B.*, 140 S.W.3d at 654. "Second, we must determine whether the facts, either as found by the trial court or as supported by the preponderance of the evidence, clearly and convincingly establish the elements required to terminate a biological parent's parental rights." *Id*. (citations omitted).

# IV. DISCUSSION

In order to support the termination of parental rights, only one ground must be proven, so long as it is done by clear and convincing evidence. *In re D.L.B.*, 118 S.W.3d

360, 367 (Tenn. 2003). Here, the trial court relied on Tennessee Code Annotated section 36-1-113(g)(14), the sole ground raised by the Department against Father, as the ground for terminating the Father's parental rights, which provides as follows:

> A parent or guardian has failed to manifest, by act or omission, an ability and willingness to personally assume legal and physical custody or financial responsibility of the child, and placing the child in the person's legal and physical custody would pose a risk of substantial harm to the physical or psychological welfare of the child[.]

Tenn. Code Ann. § 36-1-113(g)(14). This ground for termination requires the Department to establish two separate elements by clear and convincing evidence. *In re Maya R.*, No. E2017-01634-COA-R3-PT, 2018 WL 1629930, at *7 (Tenn. Ct. App. Apr. 4, 2018) (citation omitted). First, the Department must prove that the Father "failed to manifest 'an ability and willingness to personally assume legal and physical custody or financial responsibility of the child[ren].'" *Id.* (quoting Tenn. Code Ann. § 36-1-113(g)(14)).[3] Second, the Department must prove that placing the Child in the Father's legal and physical custody would "pose a risk of substantial harm to the physical or psychological welfare of the child." *Id.*

> In this case, the trial court's ultimate findings as to this ground were as follows: [A] ground for termination under Tennessee Code Annotated § 36-1-113(g)(14) of [Father's] parental rights to [Child] exists as the Father has failed to demonstrate and manifest an ability to parent the child. This is found by clear and convincing evidence.

In making its findings, the trial court relied on a record replete with evidence against the Father, including the Father's frequent incarceration, lack of housing, transportation, and employment, failure to undergo a full psychological examination, and the infrequent visits the Father had with the Child.

Despite its reliance on the aforementioned evidence, the trial court's findings are

---

[3] This Court is split over the proper interpretation of the first prong of Tennessee Code Annotated Section 36-1-113(g)(14). *See In re Ellie K.*, No. M2019-01269-COA-R3-PT, 2020 WL 1943522, at *9-11. (Tenn. Ct. App. Apr. 23, 2020) (describing the Court's conflicting views on the first prong of the statute). The split concerns whether a parent must fail to manifest *both* an ability *and* willingness to assume custody or financial responsibility or whether a parent must fail to manifest *either* an ability *or* willingness to assume custody or financial responsibility. Compare *In re Ayden S.*, No. M2017-01185-COA-R3-PT, 2018 WL 2447044, at *7 (Tenn. Ct. App. May 31, 2018) with *In re Amynn K.*, No. E2017-01866-COA-R3-PT, 2018 WL 3058280, at *14 (Tenn. Ct. App. June 20, 2018). Because there was not a ground for termination properly established, we do not reach this issue here. The Tennessee Supreme Court recently certified two questions for review on this issue of statutory interpretation of Tennessee Code Annotated section 36-1-113(g)(14). *See In re Neveah M.*, M2019-00313-SC-R11-PT, Order, filed June 15, 2020.

not responsive to each of the statutory elements regarding this ground for termination. As discussed previously, the applicable statute requires that (1) the Department show the Father's failure to manifest an ability and willingness to assume physical or legal custody of the Child, or assume financial responsibility, *and* (2) that placing the Child in the Father's custody would pose a risk of substantial harm to the Child. *See* Tenn. Code Ann. § 36-1-113(g)(14). (emphasis added). Although the trial court addressed the first element by finding that the Father's constant entanglement with the law, as well as his apparent lack of preparedness or familiarity with the Child negated any ability on his part to assume legal or physical custody, it made no specific finding as to whether placing the Child in the Father's legal or physical custody would pose a risk of substantial harm to the physical or psychological welfare of the child as required under Tennessee Code Annotated section 36-1-113(g)(14).

The absence of this specific finding is not without consequence. With respect to termination cases, the trial court is specifically directed by the statute to "enter an order that makes specific findings of fact and conclusions of law." Tenn. Code Ann. § 36-1-113(k). Furthermore, neither the trial court nor this Court may proceed to termination absent clear and convincing evidence of each necessary element of a ground for termination. *In re R.L.M.*, No. E2013-02723-COA-R3-PT, 2015 WL 389635, at *4 (Tenn. Ct. App. Jan. 29, 2015). Because the trial court did not make specific findings regarding each of the elements applicable to the failure to manifest ground, we are compelled to vacate the termination order with respect to this ground for termination as to the Father and remand for the preparation of appropriate findings of facts and conclusions of law as is required by the statute. *See In re Mickeal Z.*, No. E2018-01069-COA-R3-PT, 2019 WL 337038, at *14 (Tenn. Ct. App. Jan. 25, 2019) (vacating termination order as to the Father's rights because of a failure to make proper findings to each element as required under Tennessee Code Annotated section 36-1-113(g)(14)); *In re Brianna B.*, No. M2017-02436-COA-R3-PT, 2018 WL 6719851, at *8 (Tenn. Ct. App. Dec. 19, 2018) (noting that the trial court failed to issue any specific findings of fact concerning the *substantial harm* element of the statute).

## V. BEST INTERESTS

Because we have vacated the sole ground for termination against Father, we do not address the trial court's best interests analysis as to the termination of Father's parental rights. *See* Tenn. Code Ann. § 36-1-113(c) (requiring first a finding by the court of a ground for termination of parental rights and then a determination as to whether the termination is in the child's best interests); *In re D.L.B.*, 118 S.W.3d at 368 (refusing to reach the issue of best interests due to a failure to establish a ground for terminating parental rights).

## VI. CONCLUSION

The judgment of the trial court is vacated, and the case is remanded for further

proceedings not inconsistent with this Opinion.  Concerning the proceedings occurring on remand, we direct the trial court to promptly address these matters pursuant to Tenn. Code Ann. § 36-1-124 (providing that contested termination proceedings shall be expedited).


                                                   _____

                                                   ARNOLD B. GOLDIN, JUDGE